UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SAMUEL OCHOA JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC., a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-11379-HDV-E<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]** |

## I.    INTRODUCTION

This lemon law action arises out of Plaintiff Samuel Ochoa Jr.'s purchase of a 2023 Chevrolet Traverse (the "Vehicle").  Plaintiff alleges that the Vehicle experienced "engine system defects" during the warranty period that substantially impaired the use, value, and safety of the Vehicle.  Complaint ¶ 12 [Dkt. 1-1].

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 14], which asserts that Defendant General Motors LLC did not timely file its Notice of Removal [Dkt. 1] and that it failed to satisfy its burden of establishing the Court has subject matter jurisdiction.  Motion at 5–10.

For the reasons discussed below, and as discussed thoroughly in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK, 2025 WL 3030875 (C.D. Cal. Oct. 29, 2025), the Court concludes that the initial pleading did not provide sufficient grounds for triggering the 30-day removal clock under 28 U.S.C. § 1446(b).  The removal was therefore timely.  As to the merits of subject matter jurisdiction, the Court concludes that Defendant has met its burden, by the lower "preponderance of the evidence" standard, to establish that removal was proper. The Motion is denied.

## II.    BACKGROUND

Plaintiff purchased the Vehicle on or about February 3, 2023.  Complaint ¶ 9.  Plaintiff alleges the Vehicle was defective and that Defendant failed to fulfill its warranty obligations. *Id.* ¶¶ 11–14.

Plaintiff filed a Complaint in Los Angeles Superior Court on August 1, 2025, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly"), Cal. Civ. Code §§ 1791.1, 1793.2, 1794. *Id.* ¶¶ 8–33.  Defendant was served with the Complaint on August 4, 2025. Notice of Removal, Ex. A (Notice of Service of Process) [Dkt. 1-1]; Yang Decl., Ex. 1.  The Complaint identifies Plaintiff as a resident of Panorama city, California, but provides no further information about Plaintiff's domicile or citizenship.  Complaint ¶ 2.  Defendant filed its Answer on September 3, 2025.  Notice of Removal, Ex. B (Defendant General Motors LLC's Answer to Plaintiff's Complaint) [Dkt. 1-2].  The Complaint alleges the make, model, and year of the Vehicle, but not the purchase price or any deductions. *See generally* Complaint.

On November 3, 2025, Plaintiff produced the purchase agreement for the Vehicle, showing it was purchased by Plaintiff for $54,643.44. Declaration of Philip Cran Raucci in Support of Defendant's Opposition to Motion for Remand ("Raucci Decl.") ¶ 2, Ex. A.[1] On the same day, Plaintiff produced a payment summary and loan payoff letter. *Id*. ¶ 4, Ex. C.

On November 26, 2025, Defendant removed the case, asserting that this Court has diversity jurisdiction. Notice of Removal at 2–10 [Dkt. 1]. Defendant estimated actual damages of $50,586.29 based on a $54,643.44 purchase price and a preliminary investigation revealing $3,958.15 in total deductions. *Id*. at 5.

Plaintiff filed the instant Motion on December 23, 2025. [Dkt. 14]. Defendant included in its Opposition a copy of the purchase agreement, a repair history, and a payment summary and loan payoff letter. Raucci Decl., Exs. A–C.

## III.    LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject-matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

A notice of removal must be "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). In the alternative, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which [removability] may first be ascertained." 28 U.S.C. § 1446(b)(3). Moreover, the "other paper" under this section must establish that removability is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) ("We believe the 'unequivocally clear and certain' test hews to the text of § 1446(b)(3)."). Last, when removal is based on diversity of citizenship, the case may not be removed "more than 1 year after

---

[1] Plaintff's counsel states that Plaintiff produced a copy of the agreement "to all parties" on October 2, 2025. Declaration of Michelle Yang in Support of Plaintiff's Motion to Remand ("Yang Decl.") ¶ 7.

commencement of the action, unless the district court finds that the plaintiff has acted in bad faith [to prevent removal]." 28 U.S.C. § 1446(c)(1). The 30-day time limits and one-year time limitation for removal of diversity cases—although procedural in nature—are mandatory, and a successful challenge to removal based on a late notice requires remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

The removing party bears the burden of establishing federal subject matter jurisdiction. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The notice of removal need only include a "short and plain statement," or "plausible allegation," of "the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (quoting 28 U.S.C. § 1446(a)). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the jurisdictional requirements have been satisfied. *Id*. at 82.

"[W]hether a defendant can establish that federal jurisdiction exists and . . . when the thirty-day time period begins are not two sides of the same coin." *Kuxhausen*, 707 F.3d at 1141 n.3. If a Defendant, based on its own knowledge or investigation, knows of and can plausibly allege facts which confer federal jurisdiction, it *may* remove even though the removal clock may not have *necessarily* started to run. *See id.* at 1139–42.

## IV.     DISCUSSION

### A.     Timeliness of Removal

Plaintiff's counsel has raised similar arguments in support of remand in several other lemon law cases against General Motors in recent months. This Court first considered and decided some of the relevant issues in *Chavarin*. As discussed further below, Plaintiff's timeliness arguments here fail for the same reasons as in *Chavarin*.

First, Plaintiff argues that removability was apparent from the face of the complaint based on diversity jurisdiction. Motion at 5–7. This argument fails as to both the citizenship and amount in controversy requirements. For one, the allegations of Plaintiff's California residency in the Complaint do not set forth Plaintiff's domicile or citizenship. Mere allegation of residency in a complaint is not enough to trigger the 30-day removal clock under section 1446(b)(1). *See*

4

*Chavarin*, 2025 WL 3030875, at \*3.  Moreover,  Plaintiff's Complaint failed to include any allegation that he is entitled to more than $75,000—even considering the double civil penalties under the Song-Beverly Act.  *See id.* at \*2–3.  Nor did the Complaint allege any other facts (*i.e.*, sales price, market value, etc.) that would have given Defendant notice that Plaintiff's claims were worth more than the required amount in controversy.  *See id*.

Next, Plaintiff argues that, at the very latest, service of the purchase agreement on October 2, 2025 constituted an "other paper" which should have made removability ascertainable.  Reply at 2–4.  Not so.  The document merely identified the total sales price of the Vehicle, not any statutory deductions.  *See* Cal. Civ. Code § 1793.2.

The Court accordingly finds that Defendant's removal was timely.

## B.    Subject Matter Jurisdiction

Contradicting its first argument, Plaintiff next avers that Defendant has not met its burden as the removing party of establishing the amount in controversy exceeds $75,000.[2]  The Court disagrees.

Plaintiff seeks relief under the Song-Beverly Act, which allows a plaintiff to recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees. Cal. Civ. Code § 1794.  The purchase agreement reveals that the cash price of the Vehicle and accessories was $42,275.00.  Raucci Decl., Ex. A.  It also showed that the total cash price (including sales tax, an electronic vehicle registration charge, and other collateral charges) was $47,176.23; that Plaintiff made a down payment of $5,250.00; and that he financed $42,520.98, incurring financing charges of $6,872.46—for a total cost of $54,643.44.  *Id*.  Defendant estimates actual damages to be $32,632.19, taking into account a mileage offset of $3,013.15; $1,945 in other offsets; and $17,053.10 in unpaid financing, which is based upon an assumption of an unlikelihood that this matter would resolve early and that additional monthly payments of $682.02 would be made

---

[2] Plaintiff does not contest that the complete diversity requirement is met. The Court is satisfied that complete diversity exists here. Plaintiff, an individual, is a citizen of California, and Defendant is a limited liability company with its principal place of business in Michigan and its sole member (General Motors Company) is a Delaware corporation.

prior to resolution of trial and any appeal for at least 12 months. Opposition at 16–17. The Court disagrees with Defendant's 12-month assumption as overly speculative and instead determines the total sum of actual damages is $23,859.95. In addition, Plaintiff's potential recovery in civil penalties is double the actual damages, or $47,719.90. "[C]ivil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake"—or in controversy—"in the litigation." *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025). This brings the amount in controversy to $71,579.85 before including attorney's fees.

Attorneys' fees may be included in the amount in controversy when authorized by statute, as is permitted here with Song-Beverly. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793–94 (9th Cir. 2018); Cal. Civ. Code § 1794(d). But the removing defendant still must provide a reasonable, evidence-based estimate. *Fritsch*, 899 F.3d at 794; *Ibarra*, 775 F.3d at 1197–99. Here, Defendant has assumed that Plaintiff will seek at least $15,000 in past and future attorney's fees for work performed in the instant action, basing their assumption on their firm's prior experience with Plaintiff's firm and an evaluation of billable hours for work performed on federal motion practice in recent months. Raucci Decl. ¶ 5. The Court need not decide whether the $15,000 estimate in attorney's fees is reasonable. Instead, the Court concludes that Defendant's supporting evidence supports a finding that it is more likely than not that the attorney's fees will be greater than $3,421.15, which exceeds the jurisdictional threshold.

The Court therefore finds that the amount in controversy—after calculating actual damages, civil penalties, and attorney's fees—is more likely than not to exceed the jurisdictional threshold of $75,000.

The Court has diversity jurisdiction over the action.

//

//

//

//

//

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied.

Dated:  March 4, 2026

_____
Hernán D. Vera
United States District Judge